UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



NOVELETTE BARNES,

     Plaintiff,

         -against-

THE STOP & SHOP SUPERMARKET
COMPANY, LLC,

     Defendant.

19-CV-431 (BCM)

**ORDER OF DISMISSAL**

**BARBARA MOSES, United States Magistrate Judge.**

     For the reasons that follow this action will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Background

     This is a personal injury action. On March 28, 2018, plaintiff Novelette Barnes filed her complaint in New York Supreme Court, Bronx County, under Index No. 23561/2018E. (Dkt. No. 1-1.) On January 15, 2019, defendant The Stop & Shop Supermarket Company, LLC (Stop & Shop) removed the case to this Court, invoking its diversity jurisdiction. (Dkt. No. 1.) On March 20, 2019, the parties consented to my authority for all purposes pursuant to 28 U.S.C. § 636(c). (Dkt. No. 10.) On March 21, 2019, I issued an Initial Case Management Order, directing, *inter alia*, that fact discovery be completed by July 29, 2019; that all discovery be completed by September 12, 2019; and that no later than 30 days after the close of discovery (*i.e.*, by October 14, 2019),[1] the parties either move for summary judgment or file a joint proposed pretrial order. Case Mgmt. Order (Dkt. No. 13) ¶¶ 4-6, 8-9. I then held status conferences with the parties on June 27 and July 24, 2019. (*See* Dkt. Nos. 20, 22.) Following the July 24 conference, I extended

---

[1] 30 days following September 12, 2019 is October 12, 2019, which is a Saturday. Accordingly, the due date was the following Monday, October 14, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C).

the fact discovery deadline to August 30, 2019 for the purpose of completing previously-authorized depositions. (Dkt. No. 22.) No other deadlines were extended.

On October 17, 2019 (three days after the parties were to move for summary judgment or submit their joint pretrial order), counsel for defendant filed a Notice of Change of Address (Dkt. No. 23) and Notice of Appearance (Dkt. No. 24). By order dated March 16, 2020 (five months after the parties were to move for summary judgment or submit their joint pretrial order), I noted that the deadline had passed and that no activity had taken place in the case since October 17, 2019, and directed the parties to move for summary judgment, submit their joint pretrial order, or file a stipulation of voluntary dismissal no later than April 15, 2020. March 16 Order (Dkt. No. 25) at 1. In the same order, I expressly warned the parties that failure to comply "may result in the case being dismissed by the Court for failure to prosecute pursuant to Rule 41(b)." *Id.*

Neither party has complied with the March 16 Order, or taken any action, of any kind, in the intervening months.

## Analysis

"If the plaintiff fails to prosecute or comply with . . .  a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Courts have the power, under Rule 41 of the Federal Rules of Civil Procedure, to dismiss a case for failure to comply with court orders, treating such noncompliance as a failure to prosecute." *Ayala v. Fidelity Ins. Co.*, 2016 WL 11659978, at *1 (E.D.N.Y. Feb. 22, 2016) (citing *Simmons v. Abuzzo*, 49 F.3d 83, 87 (2d Cir. 1995)), *report and recommendation adopted*, 2016 WL 11659977 (E.D.N.Y. Mar. 23, 2016).

The court may also dismiss an action pursuant to Rule 41(b) *sua sponte*. "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a

plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (emphasis in original).

Before dismissing a case under Rule 41(b), the district court must weigh the following factors:

> (1) the duration of plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam). No single factor is dispositive. *Id*. Further, "a district court is not required to discuss each factor in dismissing a case as long as explanation is given for the dismissal." *Miller v. Department of Corrections*, 2009 WL 564926, at *2 (S.D.N.Y. Mar. 5, 2009) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)), *report and recommendation adopted*, 2009 WL 1010059 (S.D.N.Y. Apr. 14, 2009).

While dismissal is a "harsh remedy to be utilized only in extreme situations," *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Id*. at 43 (quoting Fed. R. Civ. P. 41(b)).

In the present action, the parties were required to move for summary judgment or submit their joint pretrial order no later than October 14, 2019. Case Mgmt. Order ¶¶ 8-9. It has now been nearly eight months since that date, during which the parties not only failed to meet the Court's

deadline; they did not take any action at all (other than defendant's counsel's Notice of Address Change and Notice of Appearance on October 17, 2019). Moreover, the parties wholly ignored the March 16 Order, which noted their prior failures and gave them a new deadline to submit the required papers. That deadline – April 15, 2020 – has also come and gone, with no word from either party. It bears mentioning, in this context, that both plaintiff and defendant are represented by counsel.

On this record, the Court need not delay further in removing this action from its docket. "Delays of five months or less have resulted in dismissal by courts in the Second Circuit." *Greene v. City of New York*, 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020). Here, the parties' nearly eight-month delay in moving for summary judgment or submitting their joint pre-trial order – despite an interim order resetting their deadline and expressly warning them of the consequences of noncompliance – strongly suggests that both parties have lost interest in obtaining a judicial resolution of their dispute, and amply warrants dismissal.

Since the defendant, like the plaintiff, has failed to comply with this Court's orders, there is no reason to reward Stop & Shop by dismissing the complaint with prejudice. Moreover, the lesser sanction of a dismissal without prejudice equally "serve[s] the district court's need to clear its calendar." *Thrall v. Central New York Regional Trans. Authority*, 399 Fed. App'x. 663, 666 (2d Cir. 2010); *see also*, *e.g.*, *Terry v. Village of Ossining*, 2013 WL 5952834, at *7 (S.D.N.Y. Nov. 5, 2013) ("because the Court finds that lesser sanctions than dismissal with prejudice are potentially viable . . . Plaintiff's claims will be dismissed *without* prejudice.") (emphasis in original).

## <u>Conclusion</u>

For the reasons set forth above, it is hereby ORDERED that this action is DISMISSED, without prejudice, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is respectfully directed to close the case.

Dated: New York, New York
   June 11, 2020

         **SO ORDERED.**

         **BARBARA MOSES**
         **United States Magistrate Judge**